Gjonaj v. Lynch

BIA
Vomacka, IJ
A099 000 574
A099 000 575

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand sixteen.

PRESENT:
   DENNIS JACOBS,
   PIERRE N. LEVAL,
   RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

AGO GJONAJ, ZANA AGRAJA-GJONAJ,
        *Petitioners,*

   v.                                          15-2359
                                               NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONERS:          James A. Lombardi, New York, N.Y.

FOR RESPONDENT:           Benjamin C. Mizer, Principal Deputy
                          Assistant Attorney General; Holly M.
                          Smith, Senior Litigation Counsel;
                          Juria L. Jones, Trial Attorney,
                          Office of Immigration Litigation,
                          United States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Ago Gjonaj and Zana Agraja-Gjonaj, natives and citizens of Albania, seek review of a June 30, 2015, decision of the BIA, affirming a February 20, 2014, decision of an Immigration Judge ("IJ") denying Gjonaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Ago Gjonaj, et al.,* No. A099 000 574/575 (B.I.A. June 30, 2015), *aff'g* No. A099 000 574/575 (Immigr. Ct. N.Y.C. Feb. 20, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).[2] The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

---

[1] The IJ also denied Zana Agraja-Gjonaj's separate application for asylum and related relief. She did not appeal that decision to the BIA and does not challenge it in this Court. Agraja-Gjonaj, Gjonaj's wife, was however included as a derivative beneficiary in Gjonaj's application.

[2] Gjonaj's challenges to the IJ's finding regarding his fraudulent passport are not before us because the BIA explicitly excluded that finding from its decision. *See Xue Hong Yang*, 426 F.3d at 522.

The REAL ID Act credibility standard provides that the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citations omitted). Substantial evidence supports the agency's determination that Gjonaj was not credible.

The agency reasonably relied on inconsistencies regarding Gjonaj's medical record. *See Xiu Xia Lin*, 534 F.3d at 166-67. Gjonaj testified that he was attacked twice -- in October 2000 outside a polling station and in September 2001 while detained

3

-- and that he had submitted medical records for each attack. Gjonaj, however, submitted only one medical certificate from 2007 documenting treatment in October 2001—a date which matched neither of his alleged beatings.  Gjonaj gave a series of inconsistent explanations: the first attack actually occurred in October 2001, not October 2000; the record pertained to the first attack in October 2000; the record referred to the second attack in September 2001.  The agency was not required to credit these explanations, which were not compelling and created further inconsistencies that support the credibility determination.  *See Majidi*, 430 F.3d at 80; *Xiu Xia Lin*, 534 F.3d at 166-67.

On appeal to the BIA, Gjonaj maintained that his testimony was consistent.  In his brief to this Court, however, Gjonaj argues that any inconsistency was the result of the confusing phrasing of questions on cross-examination.  We decline to consider this argument because it is unexhausted.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007).

The credibility determination was also reasonably based on the absence of certain corroborating evidence.  An applicant's failure to corroborate testimony may bear on credibility, either because  the  absence  of  particular  evidence  is  viewed  as

4

suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony already called into question. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Beyond the problems with Gjonaj's medical documentation, the IJ noted that Gjonaj failed to provide any letters of support from his brother (who was allegedly detained with him for three nights and beaten) or either of his parents (who were both present when he and his brother were arrested, and who have allegedly been visited by police searching for Gjonaj).

Given the foregoing inconsistencies and lack of corroboration, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5